NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE APPEARANCE OF CARL J. MAYER, ESQ., et al. BEFORE A FEDERAL GRAND JURY | MISC. NO. 05-33 (SRC)  **OPINION** |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on a motion (docket entry #1), filed by Petitioners, requesting this Court to: (1) impanel a special grand jury to examine alleged violations of federal racketeering and related laws; (2) permit the Petitioners to present evidence to this special grand jury "autonomously and independently" of the United States Attorney's Office; and (3) issue a declaratory judgment that the Advisory Committee Notes to FED. R. CRIM. P. 7 prohibiting federal grand juries from returning presentments[1] is unconstitutional and that presentments to federal grand juries are specifically permitted in the federal system. The Court, having considered the papers submitted by the parties, for the reasons set forth below, and for good cause shown, **DENIES** the Motion.

---

[1] The specific section of the Advisory Committee Notes at issue states that "presentment is not included as an additional type of formal accusation, since presentments as a method of instituting prosecutions are obsolete, at least as concerns the Federal courts." FED. R. CRIM. P. 7(a), adv. comm. note 4.

# I. DISCUSSION

A "presentment" is "an accusation that is initiated by the grand jury itself."[2] 38A C.J.S. *Grand Juries* § 85 (2005). The distinction between a presentment and an indictment is that an indictment is prepared by a prosecutor and approved by the grand jury, while presentments are charges prepared by the grand jury on its own initiative. 1 C. WRIGHT, FEDERAL (CRIMINAL) PRACTICE AND PROCEDURE § 121, at 58 (1999). See also In re Grand Jury Proceedings, Special Grand Jury 89-2, 813 F.Supp. 1451, 1462 (D.Colo. 1992) ("In contrast to an indictment, a presentment is 'an accusation initiated by the grand jury itself, and in effect an instruction that an indictment be drawn.'") (quoting United States v. Briggs, 514 F.2d 794, 803 n. 14 (5th Cir.1975)). Historically, the charges in a presentment would need to be restated in formal terms by the government in the form of an indictment in order to initiate criminal proceedings. S.

---

[2] The presentment played an important role in the historical functions of the grand jury:

> Presentments played a major role in pre-Revolutionary America, and continued to be important for the first half of the nineteenth century. During this period, state and federal grand juries investigated not only criminal activity, but also matters of public concern such as the state of local services and the possibility of corruption among public servants. As one author notes, they performed many functions that are now carried out by civil servants and administrative agencies.

> Grand juries that discovered criminal conduct could return charges, either by way of an indictment or a presentment, but those inquiring into noncriminal misconduct had to find some other way of acting on what they discovered. They developed the practice of issuing reports, which for some reason became known as "presentments." Unlike the common law presentment, which was a statement of criminal charges, these presentments levelled no charges and, indeed, often concerned matters having nothing to do with criminal conduct. Colonial grand juries, for example, issued presentments that were concerned with matters as diverse as maintaining street lamps, bridge repair and the state of public morality. After the Revolution, grand juries actively monitored civic affairs, especially the conduct of public officials.

SUSAN W. BRENNER, GREGORY G. LOCKHART, FEDERAL GRAND JURY: A GUIDE TO LAW AND PRACTICE, §3.3

BEALE, W. BRYSON, J. FELMAN, M. ELSTON, GRAND JURY LAW AND PRACTICE, §1.8 (2d Ed. 2005).

In modern practice, presentments are no longer used in the federal grand jury system. Under the Federal Rules of Criminal Procedure, there are specific provisions to empower federal grand juries to file indictments, provided that they are "signed by an attorney for the government," but there are no provisions that enable federal grand juries to deliver a presentment.  See FED. R. CRIM. P. 7.  The Advisory Committee Notes accompanying Rule 7 explain this omission by noting that "presentments as a method of instituting prosecutions are obsolete, at least as concerns Federal courts."  FED. R. CRIM. P. 7(a), adv. comm. note 4.

The Petitioners in this case are seeking to present their information to a federal grand jury "autonomously and independently" of the US Attorney's Office.  (Pl. Br. at 1.)  To grant the Petitioners' motion would require a finding that federal grand juries have the ability to employ their investigatory and charging powers without the participation of the US Attorney's Office or other government attorneys acting as prosecutors in the process.  The current federal rules governing the formation and function of grand juries grant no authority for returning presentments, leaving federal grand juries without the statutory ability to bring criminal charges without the participation of a government attorney.  In order to overcome this statutory limitation and grant the Petitioners' motion, this Court would need to find adequate constitutional grounds to overrule the relevant federal rules of criminal procedure regarding federal grand juries and their ability to return presentments.  For the reasons noted below, however, this Court finds that there is no constitutional or statutory right for individuals to bypass government prosecutorial authorities and present allegations or evidence of a crime directly to a federal grand jury, nor are

the current federal rules which deny federal grand juries the authority to return presentments unconstitutional. Accordingly, the Petitioners' motion is **DENIED**.

A.  **There is No Constitutional Right for Private Citizens to Independently Bring Criminal Charges and Allegations Before a Federal Grand Jury.**

Under the Fifth Amendment, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand jury." U.S. CONST. AMEND. V. The Petitioners allege that "individuals have First, Fifth and Fourteenth Amendment rights to present information to a [g]rand jury." (Pl. Br. at 3.) To support this contention, Petitioners have noted a series of historical precedents that all support the notion that a grand jury functions as an independent body, authorized to act "independently of either prosecuting attorney or judge." (Pl. Br. at 3 (quoting U.S. v. Stirone, 361 U.S. 212, 218 (1960).) This independence, however, is designed to "'afford a safeguard against oppressive actions of the prosecutor or court,'" not to allow individuals to present to a grand jury independently of the government prosecutor. Gaither v. U.S., 413, F.2d 1061, 1066 (D.C. Cir. 1969) (quoting U.S. v. Cox, 342 F.2d 167, 170 (5th Cir. 1965) (emphasis added). The constitutional role of the grand jury is to serve as "a check on prosecutorial power, not a substitute for the prosecutor." In re Grand Jury Proceedings, Special Grand Jury 89-2, 813 F.Supp. 1451, 1462 (D.Colo. 1992).

The constitutionally enshrined role of the grand jury lies in its ability to protect individuals against unfounded criminal prosecutions by conducting an independent inquiry to determine whether there is probable cause to believe a crime has been committed. United States v. Sells Eng'g, 463 U.S. 418, 423 (1983). As the Fifth Circuit noted:

> The constitutional requirement of an indictment or presentment as a predicate to a prosecution for capital or infamous crimes has for its primary purpose the protection of the individual from jeopardy except on a finding of probable cause by a group of his fellow citizens, and is designed to afford a safeguard against oppressive actions of the prosecutor or a court. The constitutional provision is not to be read as conferring on or preserving to the grand jury, as such, any rights or prerogatives. <u>The constitutional provision is, as has been said, for the benefit of the accused.</u>

<u>U.S. v. Cox</u>, 342 F.2d 167, 169 (5th Cir. 1965) (emphasis added).

While the grand jury serves a dual purpose, acting as "both a sword and a shield of justice - a sword because it is the terror of criminals, [and] a shield because it is the protection of the innocent against unjust prosecution," the grand jury "earned its place in the Bill of Rights by its shield, not by its sword." <u>Id.</u> at 186 (Wisdom, J., concurring); <u>see</u> <u>also</u> SUSAN W. BRENNER, GREGORY G. LOCKHART, 2 FEDERAL GRAND JURY: A GUIDE TO LAW AND PRACTICE, §2.2 ("The clause [(of the Fifth Amendment)] was intended to preserve a shield against unwarranted prosecution.") Under the Fifth Amendment, the grand jury affords constitutional protections to preserve the rights of the accused. There is, however, no corresponding constitutional right for individuals to use the power of a grand jury to levy criminal accusations.[3] See <u>Cox</u>, 342 F.2d at

---

[3] Granting individuals direct access to grand juries can run a substantial risk of undermining the very rights of the accused that the Fifth Amendment is designed to protect. As the New Jersey Supreme Court recently noted:

> [G]iving private persons the right of direct access to the grand jury would be fraught with abuse. Permitting prosecutorial bypass might encourage some persons not to bring pertinent information promptly to law enforcement authorities in the hope of gaining direct contact with the grand jury. In some cases, a private person might be bent on pursuing an ill-motive or vindictive agenda. . . . For instance, political candidates, on the eve of an election, might charge their opponents with fraud or some other nefarious activity and request admission to the grand jury.

<u>In the Matter of the Grand Jury Appearance by Larry S. Loigman, Esq.</u>, 183 N.J. 133, 145 (2005). Giving individuals direct access to the grand jury and removing the governmental prosecuting authorities from the process would undermine the prosecutor's screening authority and almost certainly "increase the likelihood that wrongful indictments would be returned," thereby

5

186 (Wisdom, J., concurring) (noting that when the role of a grand jury "goes beyond inquiry and report and becomes accusatorial, no aura of traditional or constitutional sanctity surrounds the grand jury"). Accordingly, the Petitioners cannot claim a constitutional prerogative that would allow them to independently bring criminal charges and accusations before a federal grand jury.

**B.     There is No Constitutional Requirement for Grand Juries to be Empowered to Return Presentments.**

The constitutional role of the grand jury in protecting the accused does not necessarily require that the grand jury be empowered to return a presentment.

> The Fifth Amendment . . . does not offer a grand jury a choice between presentment or indictment. Unless there is a bill of indictment preferred to the grand jury at the instance of the Government, there can be no indictment. It is entirely in the hands of the Government whether to submit an accusation to the grand jury leading to presentment in the form of an indictment and serving as the initial pleading in a criminal prosecution.

U.S. v. Cox, 342 F.2d 167, 186 (5th Cir. 1965) (Wisdom, J. concurring). While presentments are no longer used in federal practice, the requirement for adequate indictments in order to commence prosecutions adequately fulfills the constitutional requirements of the Fifth Amendment in protecting the rights of the accused.[4] See United States v. Coachman, 752 F.2d

---

undermining the very rights of the accused that the Fifth Amendment seeks to protect. Id. at 147. See also In re: New Haven Grand Jury, 604 F.Supp. 453, 460 (D.Conn. 1985) ("[A] rule that would afford the general public unsupervised access to the grand jury is a rule calculated to empower the mischievous and the criminal and injure the innocent.")

[4] Unlike indictments, presentments pose unique risks to the rights of the accused. A presentment has the force of a judicial document but, unlike an indictment, lacks "the right to answer and to appeal." In re: Grand Jury Proceedings, Special Grand Jury 89-2, 813 F.Supp. 1451, 1462 (D.Colo. 1992) (citations omitted). A presentment "accuses, but furnishes no forum for denial." Id. "An indictment may be challenged–even defeated[, but t]he presentment is

685, 689 n. 23 (D.C.Cir. 1981) (noting "use of an adequate indictment has become a constitutional imperative"); 1 C. WRIGHT, FEDERAL (CRIMINAL) PRACTICE AND PROCEDURE, § 121, at 518 (1999) ("The use of a presentment is obsolete in the federal courts[,] . . . [a]ccordingly, where the constitutional provision is applicable, an indictment must be used.") Because there is no constitutional requirement that grand juries be empowered to issue presentments, the Petitioners' request that this Court issue a declaratory judgment that the Advisory Committee Notes to FED. R. CRIM. P. 7, which specifically preclude federal grand juries from issuing presentments, are unconstitutional is **DENIED**.

**C.     There is No Statutory Authority to Permit the Petitioners to Bypass Government Prosecutorial Authorities to Directly and Independently Present Allegations of Criminal Activity to a Federal Grand Jury.**

Grand juries, as an institution, were adopted from the common law and, through the Fifth Amendment, "became a fundamental part of our country's system for the prosecution of crime." U.S. v. Christian, 660 F.2d 892, 897 (3d Cir. 1981) (citing Ex Parte Bain, 121 U.S. 1, 6 (1887); U.S. v. Calandra, 414 U.S. 338, 343-44 (1974)). Grand juries, however, are "creature[s] of statute." Id. at 898 (citing In Re Mills, 135 U.S. 263, 267 (1890)). The statutory authority for grand juries is provided for and limited by the Federal Rules of Criminal Procedure. Id. at 900 n13 (citing U.S. v. Fein, 504 F.2d 1170 (2d Cir. 1974)).

The statutory authority that governs federal grand juries does not grant the authority to these grand juries to issue presentments. Id. at 901 (noting that "nothing in the language of [FED.

---

immune." Id.

7

R. CRIM. P.] 6 and 7 lends any support to the proposition that any federal grand juries are authorized to make presentments"); see also FED. R. CRIM. P. 7(a), adv. comm. note 4 (noting "presentments as a method of instituting prosecutions are obsolete, at least as concerns Federal courts"). Absent the statutory authority to make presentments, the sole means for a federal grand jury to accuse a suspect of a crime is through an indictment. Indictments, by definition, require the signature of an attorney for the government. FED. R. CRIM. P. 7(c)(1). This means that, without the participation of a government attorney, the grand jury would be statutorily limited to a purely investigatory purpose, since it could not return either a presentment or an indictment.

While grand juries serve a vital investigatory function within the federal system, there is no authority for grand juries to conduct an "investigation for its own sake." Id. at 900. Although the federal rules do not specifically forbid purely investigatory grand juries that investigate but cannot indict, the Third Circuit has found "nothing in [FED. R. CRIM. P.] Rule 6(a) which can be fairly construed to authorize them." Id. at 900. A grand jury's investigatory power, therefore, is tied to their ability to culminate in a disposition of whether or not to accuse a suspect of a crime. Id.

This leaves no statutory authority for a federal grand jury to hear information from the Petitioners that is presented "autonomously and independently" (Pl. Br. at 1) of the United States Attorney's Office. Without the support of a government attorney, a grand jury's investigation would extend beyond the statutory scope of its investigatory powers since there would be no means for it to culminate in "a disposition that furthers the prosecutorial process." Christian, 660 F.2d at 900. This leaves no statutory authority to allow individuals, such as the Petitioners, to

bypass the governmental prosecutorial authorities in order to directly and independently present criminal charges and allegations to a federal grand jury.  Accordingly, the Petitioners' request to present directly to a federal grand jury is **DENIED**.

### III. CONCLUSION

The Court appreciates what appears to be a good faith effort by the Petitioners to assist in the investigation and prosecution of public corruption allegations.  While public corruption must be vigorously investigated and, where violations of the law are found, actively prosecuted, the means being sought by the Petitioners to accomplish this goal are contrary to the constitutional and statutory authority that governs the operation of federal grand juries.  For the reasons stated above, and for good cause shown, the Petitioners' motion is **DENIED**.  An appropriate form of order will be filed herewith.

Date:   January 3, 2006

                                                                                                      s/Stanley R. Chesler
                                                                                              Stanley R. Chesler, U.S.D.J.